IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM HAWKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DAMON'S INTERNATIONAL INC. d/b/a DAMON'S GRILL, CONCORD PIKE RIBS, LLC d/b/a DAMON'S GRILL WILMINGTON, and ALLIANCE DEVELOPMENT GROUP, LLC<br><br>Defendants. | Civil Action No:<br><br>COMPLAINT - CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff William Hawkins ("Plaintiff") brings this class action suit against Damon's International Inc. d/b/a Damon's Grill, Concord Pike Ribs, LLC d/b/a Damon's Grill Wilmington, and Alliance Development Group, LLC (collectively "Defendants"), on behalf of himself and all others similarly situated (the "Class").

## NATURE OF THE ACTION

1. This suit is brought against Defendants for their violations of the Fair and Accurate Credit Transactions Act ("FACTA") by printing complete 16-digit credit and debit card numbers with accompanying expiration dates on customers' sales receipts for credit and debit card transactions. The printing of credit or debit card numbers with expiration dates on sales receipts is expressly prohibited by FACTA because it subjects customers to a substantial risk of credit and debit card fraud.

9999.9999\358687v1

2. FACTA states, in relevant part:

> [N]o person that accepts credit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

3. FACTA was enacted in 2003 and gave merchants up to three years to comply with its credit card receipt requirements, requiring full compliance by December 4, 2006. 15 U.S.C. § 1681c(g)(3). Although Defendants had up to three years to comply, Defendants willfully or recklessly violated FACTA after December 4, 2006 by continuing to print more than the last five digits of the card number and expiration date on customers' receipts.

4. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of FACTA.

5. Plaintiff seeks, on behalf of himself and the Class, statutory damages of $100 to $1,000 per receipt, punitive damages, costs, and attorneys' fees, all of which are expressly available under FACTA pursuant to 15 U.S.C. § 1681n(a).

6. Plaintiff also seeks a permanent injunction enjoining Defendants from continuing their practice of violating FACTA's credit card receipt provision at 15 U.S.C. § 1681c(g)(1).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1681p (FACTA jurisdiction statute).

8. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because this is the District in which a substantial part of the events giving rise to Plaintiff's claim occurred.

9999.9999\358687v1

## PARTIES

9. Plaintiff William Hawkins is and at all relevant times hereto was a resident of Delaware.

10. Defendant Damon's International Inc. d/b/a Damon's Grill ("Damon's Grill") is incorporated in Ohio with headquarters at 4645 Executive Drive, Columbus, Ohio, 43220. According to its website at www.damons.com, Damon's Grill is a "leading full-service, casual dining restaurant" with "more than 80 company and franchised locations worldwide." Damon's Grill operates restaurants in Delaware, among other states.

11. Defendant Concord Pike Ribs, LLC d/b/a Damon's Grill Wilmington ("Damon's Wilmington") is located at 4000 Concord Pike, Wilmington, Delaware, 19803. Damon's Wilmington operates under the corporate umbrella of Damon's Grill. Plaintiff dined at Damon's Wilmington, charged his meals with his credit card, and received credit card receipts containing his 16-digit credit card number and card expiration date.

12. Defendant Alliance Development Group, LLC ("Alliance") is incorporated in Delaware. Its headquarters are at 301 South Tryon Street, Suite 1500, Charlotte, NC 28282. Alliance is the parent and owner of Damon's International Inc. d/b/a Damon's Grill.

13. Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the parent, subsidiary, franchisor, franchisee, principal, agent, partner, joint venturer, controlling shareholder, owner, affiliate, successor in interest, and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to all matters alleged herein.

Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, or aided and abetted the unlawful conduct of all other defendants.

## OPERATIVE FACTS

14.   FACTA was enacted in 2003 to help protect cardholders from credit or debit card fraud.

15.   FACTA has different effective dates depending on when the device that electronically printed the receipt was first put in use. FACTA states the following, in relevant part:

This subsection shall become effective –

> (A)   3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is *in use before January 1, 2005*; and
>
> (B)   1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is *first put into use on or after January 1, 2005*.

15 U.S.C. § 1681c(g)(3) (emphasis added).

16.   Thus, with respect to machines that were first put into use before January 1, 2005, compliance with FACTA's credit card receipt provision was required on or after December 4, 2006. 15 U.S.C. § 1681c(g)(3). With respect to machines that were first put into use on or after January 1, 2005, compliance with FACTA's credit card receipt provision was required as soon as the machine was put in place. 15 U.S.C. § 1681c(g)(3).

17.   During the three year period in which FACTA was phased in, there was extensive

publicity regarding FACTA's debit and credit card receipt requirements.

18. Several years ago, on information and belief, Visa, MasterCard, the PCI Security Standards Counsel (a consortium founded by Visa, MasterCard, Discover, American Express, and other credit card companies), companies that sell cash registers and devices for processing credit and debit card payments, the Federal Trade Commission, and other entities began informing Defendants and the general public about FACTA's requirements concerning the prohibition of printing credit and debit card numbers and expiration dates on credit card receipts.

19. Credit card companies such as Visa and MasterCard implemented policies well in advance of the December 4, 2006 compliance deadline to ensure that they and their merchant customers complied with FACTA's credit and debit card receipt requirements. For example, on March 6, 2003, Visa's CEO held a press conference with various U.S. Senators to announce Visa's new truncation program to deter credit card fraud. Visa's CEO stated:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . . .
>
> The first phase of this new policy goes into effect July 1, 2003 for all new terminals.

20. Visa's contracts with card processing banks (a.k.a. "acquiring banks"), and acquiring banks' contracts with merchants such as Damon's Grill, incorporate rules contained in, *inter alia*, a Visa manual titled "Rules for Visa Merchants: Card Acceptance and Chargeback Management Guidelines." The 2006 edition of those rules states:

    Visa requires that all new electronic POS [Point of Sale] terminals provide
    account number truncation on transaction receipts. This means that only the last
    four digits of an account number should be printed on the customer's copy of the
    receipt, and the expiration date should not appear at all. Existing POS terminals
    must comply with these requirements by July 1, 2006.

   21. Also, in May 2007, the Federal Trade Commission ("FTC") issued an "FTC Business Alert" reminding merchants about FACTA's receipt requirements. The alert explained that, to comply with FACTA, all electronic credit and debit card receipts "may include no more than the last five digits of the card number, and you must delete the card's expiration date." The alert provided a specific example of what a complying receipt looks like and warned that "card numbers on sales receipts are a 'golden ticket' for fraudsters and identity thieves."

   22. Many restaurant and retail trade associations also notified their members of FACTA's credit and debit card receipt requirements.

   23. Defendants were informed about, knew of, or recklessly failed to know of FACTA's provisions regarding credit and debit card receipts.

   24. Despite being repeatedly informed about FACTA's requirements, and despite having had up to three years to comply with FACTA, Defendants willfully or recklessly violated FACTA's provisions regarding credit and debit card receipts.

   25. The vast majority of Defendants' competitors and peers brought their receipt printing process into compliance with FACTA by, for example, programming their card processing devices to prevent the printing of prohibited information on receipts. Defendants could have readily done the same.

   26. Defendants' violations of FACTA exposed Plaintiff and Class members to an increased risk of credit and debit card fraud. As a result of Defendants' failure to comply with

FACTA, consumers who dined with Defendants received none of the benefits that FACTA was designed to confer.

27.     Plaintiff used his Visa credit card at Damon's Wilmington, located at 4000 Concord Pike, Wilmington, Delaware, 19803, on several dates, including but not limited to February 14, 2005, April 17, 2005, and February 12, 2007. On at least those three dates he received a credit card receipt containing his full 16-digit credit card number and card expiration date.

28.     On information and belief, Damon's Wilmington continued printing 16-digit credit or debit card numbers and expiration dates on card receipts until at least October 2007.

29.     Damon's International Inc. d/b/a Damon's Grill helped develop the credit card processing system in place at Damon's Wilmington. According to Damon's Grill's website at http://www.damons.com/corporatesupport.cfm, Damon's Grill assists its franchisees in the "[d]evelopment of Point Of Sale (P.O.S.) systems" and "[d]evelopment and maintenance of computer systems." Therefore Damon's Grill had knowledge of the credit card processing system in use at Damon's Wilmington that violated FACTA.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

31.     Plaintiff seeks to represent two classes of cardholders defined as follows:

**CLASS A**:     With respect to any device that electronically prints receipts for credit card or debit card transactions that was *in use before January 1, 2005*: all cardholders to whom Defendants provided an electronically printed receipt in a

transaction occurring *after December 4, 2006* on which Defendants printed the 16-digit credit or debit card number and card expiration date.

**CLASS B**: With respect to any device that electronically prints receipts for credit card or debit card transactions that was *first put into use on or after January 1, 2005*: all cardholders to whom Defendants provided an electronically printed receipt in a transaction occurring *after such machine was put into use* on which Defendants printed the 16-digit credit or debit card number and card expiration date.

32. For purposes of this Complaint, the two classes above are collectively referred to as the "Class."

33. Numerosity: Each of the classes described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

34. Plaintiff believes, and thereon alleges, that there are at a minimum hundreds of members of each of the respective classes. Defendants' restaurants involve relatively high customer turnover each day, and the FACTA violations occurred for several months.

35. The exact size of the classes and the identities of individual class members are ascertainable through Defendants' and/or credit card companies' records.

36. Class members may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, website notices, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary

and/or appropriate by this Court.

37.   Typicality: Plaintiff's claims are typical of the claims of the other Class members. Claims of the Plaintiff and other Class members are based on the same legal theories and arise from the same unlawful conduct.

38.   Plaintiff and the other Class members were each patrons of Defendants, each having made a purchase using a credit or debit card at Defendants' restaurants. At the point of sale, Defendants provided Plaintiff and other Class members with a credit or debit card receipt in violation of FACTA.

39.   Common Questions of Law and Fact: There is a well-defined community of interest and common questions of law and fact affecting all Class members.

40.   The questions of law and fact common to the Class predominate over questions which may affect individual members and include the following:

   a.   Whether Defendants' conduct of providing Class members with a receipt containing a 16-digit credit or debit card number and expiration date violated FACTA;

   b.   Whether Defendants' conduct was willful or, at a minimum, reckless;

   c.   Whether Class members are entitled to statutory damages, punitive damages, costs, and/or attorneys' fees for Defendants' conduct; and

   d.   Whether Class members are entitled to a permanent injunction enjoining Defendants from continuing to violate FACTA's credit and debit card receipt provision.

41.   Adequacy of Representation: Plaintiff, individually and through counsel, will

fairly and adequately protect the interests of the Class, and Plaintiff has no interests adverse to the interests of the Class. Plaintiff's attorneys are experienced class action attorneys, will fully and adequately represent the Class, and are ready, willing, and able to do so.

42. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the Class are likely to be substantial, the damages suffered by individual Class members are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each Class member to individually seek redress for the wrongs done to them.

43. The likelihood of individual Class members litigating separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the judicial system resulting from multiple trials of the same factual issues.

44. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and judicial system, and would protect the rights of each Class member.

45. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

46. <u>Injunctive Relief</u>: Defendants have acted on grounds generally applicable to all Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I

**For Violation of FACTA Against Defendants Damon's International Inc.
d/b/a Damon's Grill and Alliance Development Group, LLC**

47.   Plaintiff incorporates by reference all allegations contained above as if fully set forth herein.

48.   Plaintiff asserts this Count on behalf of himself and members of CLASS A and CLASS B against Damon's International Inc. d/b/a Damon's Grill ("Damon's Grill") and Alliance Development Group, LLC ("Alliance").

49.   Plaintiff asserts this Count on behalf of Class members who made a purchase at any Damon's Grill entity, subsidiary, franchisee, or affiliate located in the United States, including but not limited to the location at 4000 Concord Pike, Wilmington, Delaware, 19803.

50.   Through their restaurants, Defendants transact business and accept credit and debit cards in the course of conducting business with persons such as Plaintiff and members of the Class. In conducting such business, Defendants use machines that electronically print receipts for credit and debit card transactions.

51.   After FACTA's effective dates for both CLASS A and CLASS B, Defendants provided Class members with electronically printed receipts containing a 16-digit credit or debit card number and expiration date.

52.   Defendants knew or recklessly disregarded that their electronically printed receipts contained a 16-digit credit or debit card number and expiration date in violation of FACTA.

53.   As a result of Defendants' willful or reckless violations of FACTA, Defendants are liable to Plaintiff and members of the Class for: (i) statutory damages of "not less than $100

and not more than $1,000" for each credit or debit card receipt that violated FACTA pursuant to 15 U.S.C. § 1681n(a)(1)(A); (ii) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and (iii) "costs of the action together with reasonable attorney's fees" pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II

### For Violation of FACTA Against Defendant
### Concord Pike Ribs, LLC d/b/a Damon's Grill Wilmington

54. Plaintiff incorporates by reference all allegations contained above, except ¶¶ 47-49, as if fully set forth herein.

55. Plaintiff asserts this Count on behalf of himself and members of CLASS A and CLASS B against Concord Pike Ribs, LLC d/b/a Damon's Grill Wilmington ("Damon's Wilmington").

56. Plaintiff asserts this Count on behalf of himself and those Class members who made a purchase at Damon's Wilmington, located at 4000 Concord Pike, Wilmington, Delaware, 19803, or any other location owned or controlled by Damon's Wilmington.

57. Plaintiff does not allege that Damon's Wilmington is liable for FACTA violations that occurred at locations other than 4000 Concord Pike, Wilmington, Delaware, 19803 or any other location not owned or controlled by Damon's Wilmington.

58. After FACTA's effective dates for both CLASS A and CLASS B, Defendant provided Class members with electronically printed receipts containing a 16-digit credit or debit card number and expiration date.

59. Defendant knew or recklessly disregarded that its electronically printed receipts contained a 16-digit credit or debit card number and expiration date in violation of FACTA.

60. As a result of Defendant's willful or reckless violations of FACTA, Defendant is liable to Plaintiff and members of the Class for: (i) statutory damages of "not less than $100 and not more than $1,000" for each credit or debit card receipt that violated FACTA pursuant to 15 U.S.C. § 1681n(a)(1)(A); (ii) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and (iii) "costs of the action together with reasonable attorney's fees" pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

61. WHEREFORE, Plaintiff, on behalf of himself and members of CLASS A and CLASS B, prays for:

   a. An order: (i) certifying CLASS A and CLASS B; (ii) appointing Plaintiff as the representative of CLASS A and CLASS B; and (iii) appointing counsel for Plaintiff as counsel for CLASS A and CLASS B;

   b. An award to Plaintiff and members of CLASS A and CLASS B of statutory damages of "not less than $100 and not more than $1,000" for each credit or debit card receipt that violated FACTA pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   c. An award to Plaintiff and members of CLASS A and CLASS B of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   d. An award to Plaintiff and members of CLASS A and CLASS B of "costs of the action together with reasonable attorney's fees" pursuant to 15 U.S.C. § 1681n(a)(3);

   e. A permanent injunction enjoining Defendants from continuing to violate FACTA's credit and debit card receipt provision at 15 U.S.C. § 1681c(g)(1); and

   f. Any other and further relief as this Court may deem proper.

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and members of CLASS A and CLASS B, demands a trial by jury on all issues so triable.

Dated: January 25, 2008

Respectfully Submitted,

PRICKETT, JONES & ELLIOTT, P.A.

By: _____
Elizabeth M. McGeever (DE Bar No. 2057)
J. Clayton Athey (DE Bar No. 4378)
1310 King Street, Box 1328
Wilmington, DE 19899
emmcgeever@prickett.com
jcathey@prickett.com
Tel: (302) 888-6500

OF COUNSEL:

Sherrie R. Savett
Michael T. Fantini
Jon Lambiras
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

*Counsel for Plaintiff and the Proposed Classes*

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William Hawkins, on behalf of himself and all others similarly situated

## DEFENDANTS
Damon's International Inc. d/b/a Damon's Grill, Concord Pike Ribs, LLC d/b/a Damon's Grill Wilmington, and Alliance Development Group LLC

(b) County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Franklin County, OH**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
(see attached)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 1681c(g)(1)
Brief description of cause: Failure to truncate credit card receipt information.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Hanlon v. Damon's Int'l Inc., U.S.D.C., W.D. PA.
Nora Barry Fischer
DOCKET NUMBER 2:07-cv-01588-NBF

DATE 1/25/08
SIGNATURE OF ATTORNEY OF RECORD (#4378)

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

CIVIL COVER SHEET ATTACHMENT

<u>William Hawkins v. Damon's International Inc., et al.</u>

I. (c) Attorneys:

    Sherrie Savett, Esquire
    Michael T. Fantini, Esquire
    Jon Lambiras, Esquire
    Berger & Montague, PC
    1622 Locust Street
    Philadelphia, PA  19103
    Tel:  215-875-3000

    Elizabeth M. McGeever, Esquire
    J. Clayton Athey, Esquire
    Prickett, Jones & Elliott, P.A.
    1310 King Street, Box 1328
    Wilminngton, DE  19899
    Tel:  (302) 888-6500
    Fax:  (302) 658-8111

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-55

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___1/25/08___  ___X [signature]___
(Date forms issued)  (Signature of Party or their Representative)

___X Lauren R Morrison___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action