## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM HAWKINS, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No: 08-55-GMS |
| DAMON'S INTERNATIONAL INC. d/b/a DAMON'S GRILL; PRIS-MM, LLC d/b/a DAMON'S GRILL WILMINGTON; and ALLIANCE DEVELOPMENT GROUP, LLC | : : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff William Hawkins ("Plaintiff") brings this class action suit against Damon's International Inc. d/b/a Damon's Grill; Pris-MM, LLC d/b/a Damon's Grill Wilmington; and Alliance Development Group, LLC (collectively "Defendants"), on behalf of himself and all others similarly situated (the "Class").

### NATURE OF THE ACTION

1.      This suit is brought against Defendants for their violations of the Fair and Accurate Credit Transactions Act ("FACTA") by printing complete 16-digit credit and debit card numbers with accompanying expiration dates on customers' sales receipts for credit and debit card transactions.  The printing of credit or debit card numbers with expiration dates on sales receipts is expressly prohibited by FACTA because it subjects customers to a substantial risk of credit and debit card fraud.

2.      FACTA states, in relevant part:

.\360713v1

[N]o person that accepts credit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

3.    FACTA was enacted in 2003 and gave merchants up to three years to comply with its credit card receipt requirements, requiring full compliance by December 4, 2006.  15 U.S.C. § 1681c(g)(3).  Although Defendants had up to three years to comply, Defendants willfully or recklessly violated FACTA after December 4, 2006 by continuing to print more than the last five digits of the card number and expiration date on customers' receipts.

4.    Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of FACTA.

5.    Plaintiff seeks, on behalf of himself and the Class, statutory damages of $100 to $1,000 per receipt, punitive damages, costs, and attorneys' fees, all of which are expressly available under FACTA pursuant to 15 U.S.C. § 1681n(a).

6.    Plaintiff also seeks a permanent injunction enjoining Defendants from continuing their practice of violating FACTA's credit card receipt provision at 15 U.S.C. § 1681c(g)(1).

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1681p (FACTA jurisdiction statute).

8.    Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because this is the District in which a substantial part of the events giving rise to Plaintiff's claim occurred.

## PARTIES

9.    Plaintiff William Hawkins is and at all relevant times hereto was a resident of

Delaware.

10.     Defendant Damon's International Inc. d/b/a Damon's Grill ("Damon's Grill") is incorporated in Ohio with headquarters at 4645 Executive Drive, Columbus, Ohio, 43220. According to its website at www.damons.com, Damon's Grill is a "leading full-service, casual dining restaurant" with "more than 80 company and franchised locations worldwide." Damon's Grill operates restaurants in Delaware, among other states.

11.     Defendant Pris-MM, LLC d/b/a Damon's Grill Wilmington ("Damon's Wilmington") is located at 4000 Concord Pike, Wilmington, Delaware, 19803. Damon's Wilmington operates under the corporate umbrella of Damon's Grill. Plaintiff dined at Damon's Wilmington, charged his meals with his credit card, and received credit card receipts containing his 16-digit credit card number and card expiration date.

12.     Defendant Alliance Development Group, LLC ("Alliance") is incorporated in Delaware. Its headquarters are at 301 South Tryon Street, Suite 1500, Charlotte, NC 28282. Alliance is the parent and owner of Damon's International Inc. d/b/a Damon's Grill.

13.     Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the parent, subsidiary, franchisor, franchisee, principal, agent, partner, joint venturer, controlling shareholder, owner, affiliate, successor in interest, and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to all matters alleged herein. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, or aided and abetted the

unlawful conduct of all other defendants.

## OPERATIVE FACTS

14.    FACTA was enacted in 2003 to help protect cardholders from credit or debit card

fraud.

15.    FACTA has different effective dates depending on when the device that

electronically printed the receipt was first put in use.  FACTA states the following, in relevant

part:

> This subsection shall become effective –
>
> > (A)  3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is *in use before January 1, 2005*; and
> >
> > (B)  1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is *first put into use on or after January 1, 2005*.

15 U.S.C. § 1681c(g)(3) (emphasis added).

16.    Thus, with respect to machines that were first put into use before January 1, 2005,

compliance with FACTA's credit card receipt provision was required on or after December 4,

2006.  15 U.S.C. § 1681c(g)(3).  With respect to machines that were first put into use on or after

January 1, 2005, compliance with FACTA's credit card receipt provision was required as soon as

the machine was put in place.  15 U.S.C. § 1681c(g)(3).

17.    During the three year period in which FACTA was phased in, there was extensive

publicity regarding FACTA's debit and credit card receipt requirements.

18.    Several years ago, on information and belief, Visa, MasterCard, the PCI Security

Standards Counsel (a consortium founded by Visa, MasterCard, Discover, American Express,

and other credit card companies), companies that sell cash registers and devices for processing

credit and debit card payments, the Federal Trade Commission, and other entities began informing Defendants and the general public about FACTA's requirements concerning the prohibition of printing credit and debit card numbers and expiration dates on credit card receipts.

19.    Credit card companies such as Visa and MasterCard implemented policies well in advance of the December 4, 2006 compliance deadline to ensure that they and their merchant customers complied with FACTA's credit and debit card receipt requirements. For example, on March 6, 2003, Visa's CEO held a press conference with various U.S. Senators to announce Visa's new truncation program to deter credit card fraud. Visa's CEO stated:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . . .
>
> The first phase of this new policy goes into effect July 1, 2003 for all new terminals.

20.    Visa's contracts with card processing banks (a.k.a. "acquiring banks"), and acquiring banks' contracts with merchants such as Damon's Grill, incorporate rules contained in, *inter alia*, a Visa manual titled "Rules for Visa Merchants: Card Acceptance and Chargeback Management Guidelines." The 2006 edition of those rules states:

> Visa requires that all new electronic POS [Point of Sale] terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt, and the expiration date should not appear at all. Existing POS terminals must comply with these requirements by July 1, 2006.

21.    Also, in May 2007, the Federal Trade Commission ("FTC") issued an "FTC Business Alert" reminding merchants about FACTA's receipt requirements. The alert explained that, to comply with FACTA, all electronic credit and debit card receipts "may include no more than the last five digits of the card number, and you must delete the card's expiration date." The

alert provided a specific example of what a complying receipt looks like and warned that "card numbers on sales receipts are a 'golden ticket' for fraudsters and identity thieves."

22.    Many restaurant and retail trade associations also notified their members of FACTA's credit and debit card receipt requirements.

23.    Defendants were informed about, knew of, or recklessly failed to know of FACTA's provisions regarding credit and debit card receipts.

24.    Despite being repeatedly informed about FACTA's requirements, and despite having had up to three years to comply with FACTA, Defendants willfully or recklessly violated FACTA's provisions regarding credit and debit card receipts.

25.    The vast majority of Defendants' competitors and peers brought their receipt printing process into compliance with FACTA by, for example, programming their card processing devices to prevent the printing of prohibited information on receipts. Defendants could have readily done the same.

26.    Defendants' violations of FACTA exposed Plaintiff and Class members to an increased risk of credit and debit card fraud. As a result of Defendants' failure to comply with FACTA, consumers who dined with Defendants received none of the benefits that FACTA was designed to confer.

27.    Plaintiff used his Visa credit card at Damon's Wilmington, located at 4000 Concord Pike, Wilmington, Delaware, 19803, on several dates, including but not limited to February 14, 2005, April 17, 2005, and February 12, 2007. On at least those three dates he received a credit card receipt containing his full 16-digit credit card number and card expiration date.

28.    On information and belief, Damon's Wilmington continued printing 16-digit

credit or debit card numbers and expiration dates on card receipts until at least October 2007.

29.    Damon's International Inc. d/b/a Damon's Grill helped develop the credit card processing system in place at Damon's Wilmington. According to Damon's Grill's website at http://www.damons.com/corporatesupport.cfm, Damon's Grill assists its franchisees in the "[d]evelopment of Point Of Sale (P.O.S.) systems" and "[d]evelopment and maintenance of computer systems." Therefore Damon's Grill had knowledge of the credit card processing system in use at Damon's Wilmington that violated FACTA.

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

31.    Plaintiff seeks to represent two classes of cardholders defined as follows:

**CLASS A**:    With respect to any device that electronically prints receipts for credit card or debit card transactions that was *in use before January 1, 2005*: all cardholders to whom Defendants provided an electronically printed receipt in a transaction occurring *after December 4, 2006* on which Defendants printed the 16-digit credit or debit card number and card expiration date.

**CLASS B**:    With respect to any device that electronically prints receipts for credit card or debit card transactions that was *first put into use on or after January 1, 2005*: all cardholders to whom Defendants provided an electronically printed receipt in a transaction occurring *after such machine was put into use* on which Defendants printed the 16-digit credit or debit card number and card expiration date.

32.    For purposes of this Complaint, the two classes above are collectively referred to

as the "Class."

33.    Numerosity: Each of the classes described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

34.    Plaintiff believes, and thereon alleges, that there are at a minimum hundreds of members of each of the respective classes.  Defendants' restaurants involve relatively high customer turnover each day, and the FACTA violations occurred for several months.

35.    The exact size of the classes and the identities of individual class members are ascertainable through Defendants' and/or credit card companies' records.

36.    Class members may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, website notices, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by this Court.

37.    Typicality: Plaintiff's claims are typical of the claims of the other Class members. Claims of the Plaintiff and other Class members are based on the same legal theories and arise from the same unlawful conduct.

38.    Plaintiff and the other Class members were each patrons of Defendants, each having made a purchase using a credit or debit card at Defendants' restaurants.  At the point of sale, Defendants provided Plaintiff and other Class members with a credit or debit card receipt in violation of FACTA.

39.    Common Questions of Law and Fact: There is a well-defined community of interest and common questions of law and fact affecting all Class members.

40.    The questions of law and fact common to the Class predominate over questions which may affect individual members and include the following:

        a.    Whether Defendants' conduct of providing Class members with a receipt containing a 16-digit credit or debit card number and expiration date violated FACTA;

        b.    Whether Defendants' conduct was willful or, at a minimum, reckless;

        c.    Whether Class members are entitled to statutory damages, punitive damages, costs, and/or attorneys' fees for Defendants' conduct; and

        d.    Whether Class members are entitled to a permanent injunction enjoining Defendants from continuing to violate FACTA's credit and debit card receipt provision.

41.    Adequacy of Representation: Plaintiff, individually and through counsel, will fairly and adequately protect the interests of the Class, and Plaintiff has no interests adverse to the interests of the Class. Plaintiff's attorneys are experienced class action attorneys, will fully and adequately represent the Class, and are ready, willing, and able to do so.

42.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the Class are likely to be substantial, the damages suffered by individual Class members are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each Class member to individually seek redress for the wrongs done to them.

43.    The likelihood of individual Class members litigating separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or

contradictory judgments, and would increase the delay and expense to all parties and the judicial system resulting from multiple trials of the same factual issues.

44.      In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and judicial system, and would protect the rights of each Class member.

45.      Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

46.      Injunctive Relief: Defendants have acted on grounds generally applicable to all Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I

### For Violation of FACTA Against Defendants Damon's International Inc. d/b/a Damon's Grill and Alliance Development Group, LLC

47.      Plaintiff incorporates by reference all allegations contained above as if fully set forth herein.

48.      Plaintiff asserts this Count on behalf of himself and members of CLASS A and CLASS B against Damon's International Inc. d/b/a Damon's Grill ("Damon's Grill") and Alliance Development Group, LLC ("Alliance").

49.      Plaintiff asserts this Count on behalf of Class members who made a purchase at any Damon's Grill entity, subsidiary, franchisee, or affiliate located in the United States, including but not limited to the location at 4000 Concord Pike, Wilmington, Delaware, 19803.

50.      Through their restaurants, Defendants transact business and accept credit and debit cards in the course of conducting business with persons such as Plaintiff and members of

the Class. In conducting such business, Defendants use machines that electronically print receipts for credit and debit card transactions.

51.    After FACTA's effective dates for both CLASS A and CLASS B, Defendants provided Class members with electronically printed receipts containing a 16-digit credit or debit card number and expiration date.

52.    Defendants knew or recklessly disregarded that their electronically printed receipts contained a 16-digit credit or debit card number and expiration date in violation of FACTA.

53.    As a result of Defendants' willful or reckless violations of FACTA, Defendants are liable to Plaintiff and members of the Class for: (i) statutory damages of "not less than $100 and not more than $1,000" for each credit or debit card receipt that violated FACTA pursuant to 15 U.S.C. § 1681n(a)(1)(A); (ii) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and (iii) "costs of the action together with reasonable attorney's fees" pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II

### For Violation of FACTA Against Defendant
### Pris-MM, LLC d/b/a Damon's Grill Wilmington

54.    Plaintiff incorporates by reference all allegations contained above, except ¶¶ 47-49, as if fully set forth herein.

55.    Plaintiff asserts this Count on behalf of himself and members of CLASS A and CLASS B against Pris-MM, LLC d/b/a Damon's Grill Wilmington ("Damon's Wilmington").

56.    Plaintiff asserts this Count on behalf of himself and those Class members who made a purchase at Damon's Wilmington, located at 4000 Concord Pike, Wilmington, Delaware,

19803, or any other location owned or controlled by Damon's Wilmington.

57.     Plaintiff does not allege that Damon's Wilmington is liable for FACTA violations that occurred at locations other than 4000 Concord Pike, Wilmington, Delaware, 19803 or any other location not owned or controlled by Damon's Wilmington.

58.     After FACTA's effective dates for both CLASS A and CLASS B, Defendant provided Class members with electronically printed receipts containing a 16-digit credit or debit card number and expiration date.

59.     Defendant knew or recklessly disregarded that its electronically printed receipts contained a 16-digit credit or debit card number and expiration date in violation of FACTA.

60.     As a result of Defendant's willful or reckless violations of FACTA, Defendant is liable to Plaintiff and members of the Class for: (i) statutory damages of "not less than $100 and not more than $1,000" for each credit or debit card receipt that violated FACTA pursuant to 15 U.S.C. § 1681n(a)(1)(A); (ii) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and (iii) "costs of the action together with reasonable attorney's fees" pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

61.     WHEREFORE, Plaintiff, on behalf of himself and members of CLASS A and CLASS B, prays for:

a.      An order: (i) certifying CLASS A and CLASS B; (ii) appointing Plaintiff as the representative of CLASS A and CLASS B; and (iii) appointing counsel for Plaintiff as counsel for CLASS A and CLASS B;

b.      An award to Plaintiff and members of CLASS A and CLASS B of statutory damages of "not less than $100 and not more than $1,000" for each credit or debit

card receipt that violated FACTA pursuant to 15 U.S.C. § 1681n(a)(1)(A);

c.    An award to Plaintiff and members of CLASS A and CLASS B of punitive

damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.    An award to Plaintiff and members of CLASS A and CLASS B of "costs of the

action together with reasonable attorney's fees" pursuant to 15 U.S.C. §

1681n(a)(3);

e.    A permanent injunction enjoining Defendants from continuing to violate

FACTA's credit and debit card receipt provision at 15 U.S.C. § 1681c(g)(1); and

f.    Any other and further relief as this Court may deem proper.

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and members of CLASS A and CLASS B, demands a trial

by jury on all issues so triable.

Dated: February 13, 2008                    Respectfully Submitted,

PRICKETT, JONES & ELLIOTT, P.A.

By:_____
Elizabeth M. McGeever (DE Bar No. 2057)
J. Clayton Athey (DE Bar No. 4378)
1310 King Street, Box 1328
Wilmington, DE 19899
emmcgeever@prickett.com
jcathey@prickett.com
Tel: (302) 888-6500

OF COUNSEL:

*Counsel for Plaintiff and the Proposed*
*Classes*

Sherrie R. Savett
Michael T. Fantini
Jon Lambiras
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

20435.1.\360713v1                               13

## CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on February 13, 2008, I served copies of the foregoing FIRST AMENDED CLASS ACTION COMPLAINT on the following via First Class Mail:

J. Clayton Athey
(DE Bar # 4378)

Damon's International Inc.
c/o Bruce H. Burkholder, Esq., Agent for Service of Process
Wiles, Boyle, Burkholder & Bringardner & Co.
300 Spruce St., Floor One
Columbus, Ohio 43215

Alliance Development Group, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

20435.1.\360698v1